**BEASECKER v REINHEIMER et**

Ohio Appeals, 2nd Dist, Darke Co

No 444. Decided Jan 11, 1934

Wilbur D. Spidel, Greenville, for plaintiff in error.

S. E. Mote, Greenville, for defendant in error.

**OPINION**

By BARNES, J.

The Court of Common Pleas based its order of reversal upon the ground that the Justice court was without jurisdiction to render judgment.

This determination was evidently based on the ground that the Justice lost his jurisdiction by reason of the claim that judgment was not entered within 4 days after the trial as required under §10378 GC.

We have nothing before us except the transcript of the docket and journal entries in each of the courts below together with the original papers.

From the transcript it is ascertainable that the trial before the Justice was had on February 27, 1933, and thereafter "the case under agreement of counsel for both parties taken under the consideration of the court." Immediately following in this transcript we find the notation "3/3" the finding and judgment of the court in favor of plaintiff.

The figure "3/3" were evidently determined by the trial court to mean March 3 and we have no difficulty from examining the entire transcripts in agreeing with the conclusion of the Common Pleas Court.

In the petition in error in the court below it was claimed that the judgment was entered on March 4, but we find nothing in the record to sustain this claim.

Council for plaintiff in support of his judgment before the Justice contends that the same was entered on March 2, 1933, and in support of this contention calls attention to an original paper headed "Entry" and signed by the Justice of the Peace purporting to be the original entry of finding and judgment for the plaintiff before the magistrate. At the bottom of the page appears in typewriting the following: "3 - 2 - 33" which we assume means March 2, 1933. As to who prepared this document including the date figures, we are not advised. It is the usual custom for attorneys to prepare entries of judgment after notification by the court the purport of its finding. It may have been prepared by the Justice or for present purposes, we may assume that the dates were entered thereon by the Justice as indicating the time of filing. Regardless of any inference or conclusions that may be arrived at, we must accept the transcript of the docket and journal entries on the question of the time of entering judgment. If the date of March 3 was not correct, the same could have been corrected by timely action. This court at this time can not consider or make corrections.

Sec 10378 GC reads as follows:

"Upon a verdict the Justice must immediately render judgment accordingly. When the trial is by the Justice judgment must be entered immediately after the closing of the trial if the defendant has been arrested or his property attached. In other cases it shall be entered either at the close of the trial or if the Justice then desires further time to consider, on or by the fourth day thereafter both days inclusive."

Measured by this standard, we are compelled to determine that the judgment was not entered on or by the fourth day after trial both days inclusive. The trial ended on February 27 and March 2 would be the last day for entering judgment under the provisions of the above section of the code.

There is the additional claim made that in the original action before the Justice, property was attached and therefore under the provisions of the above section, judgment must be entered immediately but from the record at hand we ascertain that the attachment was dismissed and the case thereafter proceeded as on an account for money. The four days limitation would therefore apply. In natural sequence we are led to inquire what is the effect of the failure to enter judgment within the time prescribed by §10378 GC? The courts of this state have repeatedly held that the effect is to work a discontinuance. In other words the Justice loses all jurisdiction to enter any judgment at all.

Eaton v French, 23 Oh St 560.

Jamison v Medicine Company, 22 C.C. (N.S.) 224.

James v Fildes, 23 C.C. (N.S.) 461.

Robinson v Kious, 4 Oh St 593.

Express Company v Armbruggee, 15 Oh Ap 376.

Tussing v Evans, 7 C.C. (N.S.) 237.

Sigler v Shaffer, 9 C.C. (N.S.) 267.

Nicholson v Roberts, 4 N.P. 43.

Vol. 23 Ohio Jur. (Judgments Sec. 170-1-2 & 3).

In Eaton v French, 23 Oh St, supra, the statement is made that the language of the statute is clear, specific and peremptory. The power of the Justice must be measured by the statute.

In Tussing v Evans, 7 C.C. (N.S.) supra, the court holds that jurisdiction can not be conferred by consent of the parties to reserve a case for consideration for a later date than that authorized by statute.

At a very early period the proper procedure on reversing by the Common Pleas Court was to hold the case for trial. See Robinson v Kious, 4 Oh St 593. This rule was by virtue of the then language of the statute. Since the amendment of this statute a different rule prevails. Section 12246 GC reads as follows:

"Except when the reversal is because the Justice has no jurisdiction of the plaintiff in error or of the subject of the action the cause shall be retained by the court for trial and final judgment as in cases of appeal."

Of course, the reversal in the instant case was because the Justice had lost jurisdiction to enter judgment. A very able and learned discussion of this featnure of the case by Judge Evans of the Common Pleas Court of Franklin County is to be found reported in Volume 6, Ohio Decisions, page 233, under title of Nicholson v, Roberts et al, also reported in 4 N.P., 43.

We think that reasoning and conclusion of the very able trial court was warranted under the state of the record. We find no error. Judgment of the court below will be affirmed. Exceptions will be allowed if desired.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON MOTION FOR REHEARING

By THE COURT.

The above entitled cause is now being determined on application for rehearing filed by counsel for plaintiff in error.

The motion and letter submitted to us does not show that copy was filed on counsel for defendant in error. Ordinarily applications would not be considered in the absence of such showing. Of course, this formality could be easily complied with. In reality this raises a question of clarification of our order rather than any controversial question between the parties and by reason thereof, we will pass on the motion at once.

We are of the opinion that the order of the Common Pleas Court entering the judgment that should have been entered by the court below will not deprive plaintiff in error from prosecuting a new action. The decisions are very clear and to the point that after this expiration of the statutory period for rendering of judgment a discontinuance arises and the Justice has no power except to enter a judgment of dismissal. This is specifically stated in the case of **Eaton v French, 23 Oh St 560.** On page 561 of the opinion Judge Day makes the following statement:

"But the judgment was not rendered until eight days after the trial. Had the case been tried on its merits, the Justice could then properly have rendered no other judgment than one of dismissal."

In order to remove all question of doubt, the judgment of the Common Pleas Court may be modified so as to state that the dismissing the bill of particulars is without prejudice to a new action.

HORNBECK, PJ, KUNKLE and BARNES, JJ., concur.