## CURRIE v BRADEN

Ohio Appeals, 9th Dist, Summit Co

No 2669. Decided Feb 24, 1936

Meade, Weygandt, McRae & Held, Akron, for plaintiff.

Carl D. Sheppard, Akron, for defendant.

## OPINION

By FUNK, PJ.

This is an action in equity seeking to restrain defendant from collecting an alleged illegal judgment entered by a justice of the peace without jurisdiction to enter said judgment against plaintiff at the time it was entered.

The amended petition alleges in substance that plaintiff was sued by defendant before a justice of the peace in this county; that the parties appeared, and that the case was duly tried to a jury, which returned a verdict against plaintiff for $70 on January 26, 1934; that on February 5, 1934, plaintiff examined the docket of said justice of the peace, and that no judgment had been entered thereon against plaintiff on said verdict; that some time thereafter said justice of the peace entered upon her docket what purports to be a judgment entry on said verdict under date of January 26, 1934; that said entry of judgment, so made, is null and void; that defendant thereafter obtained a transcript of said purported judgment against this plaintiff and filed it with the clerk of Common Pleas Court of this county; that in January, 1935, defendant caused to be issued, out of said Common Pleas Court, proceedings in aid of execution against this plaintiff; that plaintiff knew nothing of any judgment having been entered against him until he was served with notice of said proceedings in aid of execution; and that plaintiff is without an adequate remedy at law to protect himself against any proceedings that may be brought by the defendant herein to try to enforce said purported but void judgment; and plaintiff asks that defendant be temporarily and permanently enjoined from proceeding to collect said purported judgment, that such judgment be declared to be void and of no effect, and that plaintiff be given such other and further relief as he may be entitled to in equity.

A demurrer was filed to this amended petition, on the ground that it did not constitute a cause of action; the contention being that as the petition did not allege facts to show that this plaintiff had a meritorious defense to the action against him in the justice of the peace court, or even allege that plaintiff had such defense,

it was not sufficient in law to constitute a cause of action.

The Common Pleas Court sustained the demurrer to the amended petition. The plaintiff not desiring to plead further, final judgment was entered against him, and the petition dismissed.

Plaintiff thereupon duly perfected an appeal to this court, and the cause is now before us on said demurrer to the amended petition.

Counsel for defendant relies upon the case of Gifford v Morrison, 37 Oh St 502.

A careful consideration of that case leads us to the conclusion that it has no application to the instant case, as the facts in that case pertain to the changing by the constable of the return day in the summons without the knowledge of the justice of the peace or plaintiff, and to a situation where the summons so changed was served on defendant the proper length of time before he was required to appear, and where the defendant, being thus served and having actual notice of the pendency of the action, permitted judgment to be entered against him by default, and took no steps to correct the irregularity on motion to the justice or by petition in error if said irregularity appeared on the face of the record.

In the instant case the petition alleges that the purported judgment against this plaintiff was not entered within the time fixed by §10378, GC, and that it was entered without his knowledge and at a time when he had no adequate remedy at law. Said section reads as follows:

"Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached. In other cases, it shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

The sole issue in the instant case is whether the judgment against plaintiff was entered by the justice of the peace within the time prescribed by said section. If said purported judgment was not entered within said prescribed time, then it is not voidable but absolutely void, as it is definitely settled in this state by numerous decisions that the justice is without jurisdiction to enter any judgment if it is not entered within the time prescribed by said section, that the failure of the justice of the peace to enter judgment on his docket within such time works a discontinuance of that action, and that a verdict without judgment entered within such time will not constitute a bar to a subsequent suit on the same cause of action.

See—

Tussing v Evans, 7 C.C. (N.S.) 237, affirmed without opinion in 76 Oh St 618, and followed in the case of Ohio Elec. Ry. Co. v Morse, 100 Oh St 525.

Dunlap v Robinson, Admr., 12 Oh St 530.

Nicholson v Roberts, 6 O. Dec. 233.

Crystal v Trimball, 11 N.P. (N.S.) 667.

Sigler v Shaffer, 9 C.C. (N.S.) 267.

American Railway Express Co. v Armburgy, 15 Oh Ap 376.

Eaton v French, 23 Oh St 560.

James v Fildes, 23 C.C. (N.S.) 461.

Beasecker v Reinheimer, 16 Abs 438.

We are accordingly of the opinion that the petition states a cause of action; and the demurrer is therefore overruled.

STEVENS and WASHBURN, JJ, concur in judgment.